PEOPLE ex rel. COLLINS et al. v. BROWER et al.

(Supreme Court, Appellate Division, Second Department.   January 19, 1906.)

REWARDS—OFFER—BY PUBLIC AUTHORITIES.

> A resolution of a county board of supervisors, offering a reward for information or evidence to secure the conviction of persons guilty of crimes committed prior to its passage, and not providing for the payment of rewards for convictions of offenses subsequently committed, was invalid, and not binding on the county.
>
> [Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Rewards, § 6.]
>
> Hooker, J., dissenting.

Certiorari by the people, on the relation of William Collins and another, to review a determination of Girdell v. Brower and others, constituting the board of supervisors of the county of Nassau, in disallowing a claim of relators.   Determination confirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

George W. McKenzie, for relators.

Halstead Scudder, for respondents.

PER CURIAM.   Determination confirmed, with costs, on the ground that the reward was offered to persons furnishing information

or evidence to secure the conviction of persons guilty of crimes committed prior to its passage, and did not provide for the payment of rewards for conviction of offenses subsequently committed.

HOOKER, J., reads for reversal.

HOOKER, J. (dissenting). The board of supervisors of the county of Nassau audited and refused to allow a claim of the relators' against the county for the sum of $1,000, offered by a resolution of the board of supervisors adopted on the 13th day of September, 1901, to the person or persons furnishing to the district attorney information or evidence, which would secure the arrest and conviction of the horse thieves, who had been operating in that county. The relators showed themselves entitled to the reward, but the board refused to allow the claim, for the reason that there was no authority in law for the payment thereof. The question presented, therefore, is whether the board of supervisors by its resolution had legal power to bind the county to the payment of the reward. This question was presented for the determination of this court in Miller v. County of Nassau, 80 App. Div. 641, 81 N. Y. Supp. 1136, where the defendant appealed from a judgment, which the plaintiffs had against it upon a claim for similar services under the same resolution of the board of supervisors as that contained in the record now before us.

The affirmance of the judgment in that case has committed this court to a doctrine contrary to that now urged by the respondents, and their determination should be reversed, with costs.